IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 28 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| MELINDA STOKES, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-247-A |
| | § | |
| ONEWEST BANK, F.S.B., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion to dismiss
pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure
and supporting appendix, filed in the above action by defendants,
OneWest Bank, F.S.B. ("OneWest"), and Deutsche Bank National
Trust Company as Trustee of the Home Equity Mortgage Loan Asset-
Backed Trust Series INABS 2007-A Under the Pooling and Servicing
Agreement Dated March 1, 2007 ("Deustche Bank"). Plaintiffs,
Melinda Stokes and Mark Stokes, filed a response that also
included a motion to stay, and defendants filed a reply.[1] Having
considered all of the parties' filings, plaintiffs' first amended
complaint, and the applicable legal authorities, the court
concludes that the motion to dismiss should be granted, and that

---

[1] In their reply, defendants ask the court to disregard plaintiffs' response because it was untimely filed. While defendants are correct, the court finds that dismissal is warranted on the merits, so it will consider plaintiffs' untimely response.

the motion to stay should be denied.

I.

## Background and Plaintiffs' Pleaded Claims

Plaintiffs initiated this removed action by the filing of their original petition and requests for temporary and declaratory relief in the District Court of Tarrant County, Texas, 17th Judicial District.  Following removal, the court ordered plaintiffs to file an amended complaint that complied with the requirements of the Federal Rules of Civil Procedure, as interpreted by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Plaintiffs then filed their first amended complaint, in which they alleged the following:

In February 2007, plaintiffs executed a home equity promissory note, payable to Indy Mac Bank, for the purchase of property in Colleyville, Texas.[2]  The note was secured by a deed of trust.  The deed of trust defined "lender" as any "holder of the Note who is entitled to receive payments under the Note." 1st Am. Compl. at 2.

On March 11, 2013, Deutsche Bank obtained a foreclosure

---

[2]Although the amended complaint stated that plaintiffs executed a note and deed of trust for the purchase of the property, the papers submitted in conjunction with the motion to dismiss show that the transaction at issue was a home equity loan pursuant to Article XVI, Section 50(a)(6), of the Texas Constitution.  The distinction is irrelevant to the outcome of the motion to dismiss.

order.  However, plaintiffs contended that Deutsche Bank had no ownership over the loan because the trust "never identified the loan was in its corpus." Id. at 3.

Plaintiffs alleged the following claims and causes of action against defendants: (1) quiet title; (2) violations of the Texas Debt Collection Act ("TDCA"), sections 392.301(8), 392.303, and 392.304 of the Texas Finance Code; and, (3) common law and statutory fraud.  Plaintiffs also sought a declaration to establish "claims and interests" in their property, and sought an "accounting of all transactions on" their loan.  Id. at 5.

II.

## Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).  Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action.  Id. at 555 & n.3.

3

Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). Additionally, "it is clearly proper in

4

deciding a 12(b)(6) motion to take judicial notice of matters of public record." <u>Norris v. Hearst Trust</u>, 500 F.3d 454, 461 n.9 (5th Cir. 2007).   Because the documents in the appendix submitted with the motion to dismiss are considered part of the pleadings and are matters of public record, the court may consider such documents in its resolution of the motion to dismiss.   <u>Id.</u>

III.

Application of Law to Facts

A.   <u>The Complaint Makes Only "Global" Allegations</u>

Rule 8(a) requires that a complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.   <u>Twombly</u>, 550 U.S. at 555.   Defendants argue that plaintiffs' claims should be dismissed for failure to meet this standard because the complaint makes only generalized allegations as to all defendants globally, such that neither OneWest nor Deutsche Bank can tell with certainty what claims are alleged against them.

The undersigned has previously dismissed claims based, in part, on a plaintiff's failure to distinguish between the defendants in the complaint's allegation, noting it was "not possible for the court to discern from the Complaint which allegations are directed at which defendant." <u>Bittick v. JPMorgan Chase Bank, NA</u>, No. 4:11-CV-812-A, 2012 WL 1372126, at

5

*7 (N.D. Tex. Apr. 18, 2012). The Fifth Circuit has also affirmed the dismissal of a complaint where one of the reasons for dismissal was the failure to identify which defendant committed which acts. Chyba v. EMC Mortg. Corp., 450 F. App'x 404, 406 (5th Cir. 2011) (per curiam). Other courts have also dismissed claims where a plaintiff made generalized allegations without distinguishing between the acts alleged to have been committed by each defendant. See, e.g., Washington v. U.S. Dep't of Hous. & Urban Dev., 953 F. Supp. 762, 770 (N.D. Tex. 1996) (pleadings insufficient where plaintiff made "global allegations that Defendants, as a group, committed such acts or omissions.").

The same result is warranted here. The only signs of specificity in the amended complaint are two sentences stating that Deutsche Bank obtained a foreclosure order and participated in a state court hearing concerning ownership of the loan. The remainder of the factual allegations and the claims and causes of action refer to "defendant" or "defendants," with no indication as to which defendant did what. Hence, plaintiffs' failure to distinguish and specify the acts purportedly committed by each defendant warrants dismissal of the amended complaint. Each of the claims also fails for additional reasons set forth below.

B.   <u>Defendants' Authority to Foreclose</u>

　　1.   <u>Assignment of the Deed of Trust</u>

All of plaintiffs' claims are predicated, to some extent, on their contention that defendants were without authority to foreclose on their property.  The basis of this contention, as alleged in the amended complaint, is that the deed of trust permits only the "Lender, defined as the holder of the note entitled to receive payment, to foreclose."  1st Am. Compl. at 5. In plaintiffs' view, defendants are not holders of the note, and thus had no authority under the deed of trust to take any action pertaining to the property, including foreclosure.

Plaintiffs' deed of trust recites that Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary and nominee for the benefit of the lender and its assigns.  Included in the appendix in support of the motion to dismiss is a copy of the assignment of the deed of trust from MERS to Deutsche Bank, recorded in the public records of Tarrant County, Texas.[3]  The court must assume that when the deed of trust was assigned, the note was also assigned, as the deed of trust would be useless without ownership of the note.

MERS had authority under Texas law to foreclose.  After MERS

---

[3]The court takes judicial notice of the assignment as a public record.

assigned the deed of trust, Deutsche Bank had the same
foreclosure authority.  The court thus concludes that, to the
extent plaintiffs' claims are grounded on their contention that
defendants lacked authority to foreclose, they have failed to
state a claim for relief.

    2.   <u>Plaintiffs' Claims Regarding the Trust</u>

    The amended complaint also appears to contend that
defendants lacked authority to foreclose because plaintiffs
believed their loan was not transferred into the trust.  The
court finds this argument to be nothing more than a red herring
and considers this issue resolved against plaintiffs for the same
reasons discussed in section B.1., <u>supra</u>.

    Plaintiffs' contention fails for the additional reason that
it appears to be a variation of an argument frequently made in
similar cases, urging that a foreclosure is invalid due to
purported violations of the applicable pooling and servicing
agreement ("PSA").  It is well settled that plaintiffs cannot
challenge defendants' authority to foreclose based on purported
violations of the PSA unless plaintiffs are third-party
beneficiaries of the PSA.  <u>Reinagel v. Deutsche Bank Nat'l Trust
Co.</u>, 735 F.3d 220, 228 (5th Cir. 2013); <u>Svoboda v. Bank of Am.,</u>

N.A., 571 F. App'x 270, 272 (5th Cir. 2014).   Plaintiffs have made no such allegations.   Hence, they have no standing to contest purported violations of the PSA.

In their response, plaintiffs cited to two New York state-court opinions that deal with issues of New York law.   Plaintiffs do not explain the relevance of these cases to the issues now before the court.   Absent from the response is any binding authority that would persuade the court to find that plaintiffs have stated a claim for relief based on any purported violation or failure to comply with the PSA.

Accordingly, the court concludes that to the extent plaintiffs' claims rely on purported defects in, or failure to comply with, the PSA, they have failed to state a claim for relief.   See Reinagel, 735 F.3d at 228; Svoboda, 571 F. App'x at 272-73.

C.   Dismissal of All Claims is Warranted

All of plaintiffs' claims, including their request for declaratory relief, are premised on the grounds that defendants lacked authority to foreclose.   As the court has resolved that issue against plaintiffs, they have failed to state a claim for relief as to any of their claims.

In the motion to dismiss, defendants argued for dismissal of plaintiffs' claims on other grounds as well.  While it appears these grounds have merit and would likely result in the dismissal of plaintiffs' claims, the court need not address those arguments here.

D.    Accounting

"An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." Michael v. Dyke, 41 S.W.3d 746, 754 (Tex. App.-- Corpus Christie, 2001), abrogated on other grounds as recognized in Buck v. Palmer, 379 S.W.3d 309, 322-32 (Tex. App.--Corpus Christi 2010, reversed, 381 S.W.3d 525 (Tex. 2012)).  Plaintiffs' complaint appears to seek accounting as a remedy, and therefore its availability depends on a viable of cause of action.  As the court has dismissed all of plaintiffs' claims in this action, plaintiffs are not entitled to an accounting.

IV.

Order

Therefore,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that all claims and causes of action

10

asserted in the above-captioned action by plaintiffs, Melinda

Stokes and Mark Stokes, against defendants, OneWest and Deutsche

Bank, be, and are hereby, dismissed with prejudice.

The court further ORDERS that plaintiffs' motion to stay be,

and is hereby, denied.

SIGNED October 28, 2014.

_____
JOHN McBRYDE
United States District Judge